# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DANTONIUS M. OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV414-212 |
| | ) |
| BARBARA PRINCE, GLENDEN | ) |
| BIRDDELL, LAWRENCE MANKER, | ) |
| and JACK KOON, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Dantonius M. Owens, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint contending that he was sexually assaulted by a guard while an inmate at Coastal State Prison. (Doc. 1.) He asks the Court for compensatory damages and to have criminal charges filed against all of the parties involved (a request that exceeds this Court's authority). (*Id.* at 10.) The complaint is untimely by many years, and it should therefore be dismissed.[1]

---

[1] The Court screens his complaint to determine whether he has stated a cognizable claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); *see*

Owens claims that Officer Barbara Prince fondled his genitalia while searching him on December 16, 2009. (*Id.* at 6.) When Owens complained of her actions, Officer Birdell handcuffed him and escorted him to another room where Lieutenant Manker choked him, forced him to disrobe, and then "forced [him] to bend over and grab his butt and spread it wide open" while Officers Birdell, Manker, and Prince made jokes at his expense. (*Id.*) After a shift change, he was given a sheet to cover up. (*Id.*) When he later filed a complaint of sexual abuse, Birdell retaliated by filing a complaint (on December 22, 2009) alleging that he had sexually assaulted her and Officer Prince. (*Id.* at 6-7.) According to Owens, Warden Jack Koon told him "that he was going to insure that Mr. Owens would die in prison . . . because [he] filed a complaint of sexual abuse." (*Id.* at 8.) In January 2010 a disciplinary investigation resulted in Owens receiving 7 days in isolation, probated from 60 days. (*Id.* at 7-8.)

---

*also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

All of the actions about which Owens complains occurred in late 2009 and early 2010. An action brought under 42 U.S.C. § 1983 is barred if not filed within two years after the cause of action accrues. *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). This case must therefore be **DISMISSED** as time barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

Owens is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes at $13.10 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has

been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 14TH day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA