UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DANTONIUS M. OWENS,           )
                              )
    Plaintiff,              )
                              )
v.                            )
                              )  Case No. CV414-212
BARBARA PRINCE, GLENDORA      )
BIRDDELL,[1] LAWRENCE MANKER, )
and JACK KOON,                )
                              )
    Defendants.             )

## ORDER

On September 2, 2015, after preliminarily reviewing his Complaint pursuant to 28 U.S.C. § 1915A,[2] the Court greenlit *pro se* plaintiff Dantonius Owens' 42 U.S.C. § 1983 "lawsuit on the following claims: (1) a right to privacy claim against [Barbara] Prince, [Glendora] Birddell, and [Lawrence] Manker; (2) an excessive force claim against Manker; and (3) a retaliation claim against Birddell and [Jack] Koon. Doc. 16 at 13. It then

---

[1] To date, defendant Birddell's name has been spelled "Glenden." Defendants alerted the Court that her name is in fact "Glendora." Doc. 22 at 1. The Clerk is **DIRECTED** to amend the case caption accordingly. All future filings shall conform.

[2] The Court also noted that it had the same preliminary review authority under 42 U.S.C. § 1997e(c)(2), which allows dismissal on the same grounds as § 1915A "as to any prisoner suit brought with respect to prison conditions." Doc. 16 at 2 n. 1.

directed the U.S. Marshal to serve defendants, and instructed them that (1) they had a duty to avoid unnecessary service costs, and (2) defendants who fulfill that duty by timely waiving service receive an extended period *"to answer the complaint." Id.* at 13-14 (emphasis added). Service finally occurred over eight months later,[3] and defendants returned waivers on May 17, 2016. *See, e.g.*, doc. 21.

Because the Marshal mailed those service waivers on March 24, 2016, defendants had until May 24, 2016 to file their answers or dispositive motions. *See* Fed. R. Civ. P. 4(d)(3) (defendants have "60 days after the [waiver] request was sent" within which to "serve an answer"). Instead of answering -- an action the Court's "greenlight" Order (doc. 16) implicitly required by outlining the deadline discount in rule 4(d)(3) -- they have filed a "Waiver of Reply," in which they state that "[d]efendants

---

[3] The Court has been unable to ascertain precisely why service took so long to effect. Typically, the state AG accepts service for individual defendants and promptly returns waivers. Where the ball was dropped and who dropped it in this case is unclear. Still, the delay resulted in a plaintiff with potentially meritorious claims (*i.e.*, they survived preliminary review) waiting an inordinate amount of time to have those claims responded to and subsequently adjudicated. That's not justice and all involved in this proceeding -- from the plaintiff, to defendants, to defense counsel, to government employees -- must strive to prevent it from happening again, whether in this case or others. *See United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) ("[J]ustice delayed is justice denied.").

will file a dispositive motion or an answer to the Complaint,[4] pursuant to 42 U.S.C. § 1997e(g)(2),[5] in the event that the Court finds that the Plaintiff has a reasonably opportunity to prevail on the merits." Doc. 22 at 1 (filed May 24, 2016).

The Court already so found when it greenlit several of Owens' claims. *See* doc. 16 at 13. Again, that Order (1) expressly allowed claims to proceed against all defendants; (2) directed service of the Complaint; and (3) implicitly required defendants to answer. *Id.* at 13-14. Put differently, "[d]efendants were ordered by this Court to respond to the amended complaint, doc. [15] . . . but failed to do so." *Halpin v. David*, 2008 WL 5663943 at * 2 (N.D. Fla. Dec. 8, 2008); *id.* ("While § 1997e(g) allows a Defendant to wait to respond until directed to do so, 'without being deemed to have admitted the complaint's allegations,'" it is not

---

[4] It appears Defendants incorrectly or inadvertently identified Doc. 1 as the Complaint to which they waive a reply. *See* doc. 22 (filed by defense counsel, with a docket entry linking to Doc. 1). To be clear, the operative pleading is Owens' Amended Complaint, doc. 15, which the Clerk included in the service waiver packet sent to defendants. *See* doc. 16 at 14.

[5] Under § 1997e(g)(1), defendants to suits by prisoners may waive their right to reply (*i.e.*, answer or file a motion to dismiss) without admitting a Complaint's allegations or risking the court granting relief to a plaintiff. Once a court "finds that the plaintiff has a reasonable opportunity to prevail on the merits," however, "[t]he court may require any defendant to reply." 42 U.S.C. § 1997e(g)(2).

accepted that § 1997e(g) permits a Defendant to ignore a court order directing a response.").

Nevertheless, the Court will not penalize defendants for their oversight since no prejudice will accrue from a further brief delay in their replies. All defendants, however, must file answers or dispositive motions no later than 14 days from the date this Order is served, or otherwise they will be in default.

**SO ORDERED**, this 26th day of May, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA